**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**SANDRA GRANT**                                                                       **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO.: 3:04-cv-946WS**

**EATON AEROSPACE,**
**VICKERS FLUID POWER**                                         **DEFENDANTS**

<u>**ORDER**</u>

Before the court is plaintiff's motion for reconsideration of this court's order of dismissal [docket # 34]. The court incorporates and reaffirms all findings contained in that order, and denies plaintiff's motion, noting the following:

At pretrial conference on May 30, 2006, the court granted plaintiff fourteen days in which to secure counsel, and an additional ten days to respond to defendant's motion for summary judgment. The following day, the court issued an order stating its rulings [docket # 29][1]. At that time, the court made clear that failure to comply would result in dismissal. Plaintiff failed to meet either deadline, instead filing a motion for extension of time on June 26, 2006, after the deadlines had passed. On July 10, 2006, the court denied that motion and entered an order of dismissal [docket # 33], which outlined plaintiff's repeated failures to comply with the court's deadlines and orders.

Plaintiff now asks the court to reinstate her case, stating the dismissal resulted from a "mis-communication" with the court. At the pretrial conference, the plaintiff voiced a clear understanding that non-compliance would result in dismissal. Plaintiff

---

[1] The Order stated in part that "[r]egardless of whether plaintiff has been successful in procuring representation in this matter, at the conclusion of the aforementioned fourteen-day period, plaintiff is hereby granted ten (10) days to respond to the defendant's pending summary judgment motion. Failure to comply with the court order will result in a dismissal of the above-styled and numbered civil action."

offers no compelling reason for the subsequent failure to comply with the court's order. Instead, plaintiff complains that the court failed to notify her that additional time would not be granted; she appears to have assumed that her motion for extension of time, filed after the deadlines had passed, would excuse her non-compliance.  Of note, plaintiff again voices an intention to seek and retain counsel, months after the court's deadline for doing so.  In light of this and prior conduct in this case, the court has no reasonable expectation of greater compliance in the future.   The court is not persuaded by plaintiff's argument; therefore, the motion is DENIED.

SO ORDERED AND ADJUDGED, this the 18th day of December, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:04cv946WS